**SIGNED THIS: March 15, 2012**

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| PATRICIA SUE DAWSON, | ) Bankruptcy Case No. 11-90716 |
| | ) |
| Debtor. | ) |
| | |
| PATRICIA SUE DAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Adversary Case No. 11-9039 |
| | ) |
| TERRY QUIGLEY, | ) |
| | ) |
| Defendant. | ) |

<u>OPINION</u>

This matter having come before the Court on a Motion to Reconsider, Amend, or Vacate Judgment filed by the Plaintiff; the Court, having heard arguments of counsel and reviewed written memoranda submitted by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

<u>Proposed Findings of Fact</u>

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

1.   The Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code on April 14, 2011, scheduling the Defendant, Terry Quigley, as a co-debtor on Schedule H on a debt with the Bank of Pontiac.

2.   The instant adversary proceeding was filed on April 26, 2011, with the Plaintiff filing a four-count Complaint: Count I - Injunction Prohibiting Defendant from Displaying Signs, Advertising, or Otherwise Attempting to Collect on a Debt Owed by the Plaintiff; Count II - Violation of Automatic Stay; Count III - Tortious Interference with Plaintiff's Economic Interests; and Count IV - Libel and/or Defamation.

3.   On April 27, 2011, the Plaintiff filed a Motion for Preliminary Injunction, which was granted by the Court on May 3, 2011. The Motion for Preliminary Injunction enjoined and restrained the Defendant from:

(a)   Displaying signs, advertising, or otherwise communicating to the public or in a manner likely to reach the public, that the Plaintiff is no longer operating her business, is "out of business," or similar statements; and

(b)   Displaying signs, advertising, or otherwise communicating to the public or in a manner likely to reach the public, that the Plaintiff's business has filed a chapter 7 bankruptcy; and

(c)   Taking any action in an attempt to collect on debts listed in the Plaintiff's bankruptcy schedules, including harassing or otherwise communicating with the Plaintiff or her customers about those debts, at all places and times, and especially at the Plaintiff's new place of business.

The record of this proceeding indicates that the Defendant had, in fact, removed all offending signs and communications prior to the entry of this Court's Order granting the Plaintiff's Motion for Preliminary Injunction.

4.   On December 19, 2011, a brief trial was held on the Plaintiff's four-count Complaint. The only witnesses at trial were the Plaintiff and the Defendant. Four exhibits were offered by the Plaintiff, which were admitted into evidence without objection by the Defendant.

  5. At the close of trial on December 19, 2011, the Court found in favor of the Defendant and against the Plaintiff and denied all four counts of the Plaintiff's Complaint. A written Order setting out the Court's findings was entered on December 22, 2011.

  6. On January 3, 2012, the Plaintiff filed a Motion to Reconsider, Amend, or Vacate Judgment requesting that the findings of fact, conclusions of law, and judgment entered by this Court be reconsidered and amended regarding Count IV, the Court vacate its judgment for the Defendant on all Counts, and this Court submit its proposed findings of fact and conclusions of law to the United States District Court for the Central District of Illinois for its review and entry of a final judgment.

Proposed Conclusions of Law

  In reviewing the entire record of this proceeding and the judgment entered in favor of the Defendant on Counts I through III of the Plaintiff's Complaint, this Court finds that there has been no basis shown to vacate the judgment as entered on December 22, 2011. This Court clearly had jurisdiction to enter final judgment on Counts I through III of the Plaintiff's Complaint, and a review of the record of this proceeding and of the transcript of the brief trial in this matter reveals that the Plaintiff clearly failed to meet her burden of proof as to damages under Counts I through III of the Plaintiff's Complaint. In fact, a review of the transcript of this proceeding reveals that in only one instance did the Plaintiff testify concerning monetary damages and that was in regard to advertisements placed in newspapers in Pontiac, Illinois, in which the Plaintiff indicated that she was still in business. Even as to the cost of those advertisements, the Plaintiff was not really sure about how much the advertisements cost and could only estimate that the advertisements cost somewhere around $150. No documentary evidence was provided as to the cost of the advertisements, nor was there any evidence presented as to the amount of money, if any, the Plaintiff lost as a result of the Defendant's actions. Given the scant evidence concerning the Plaintiff's request for monetary damages, this Court finds that there is simply no basis to vacate its judgment as to Counts I through III of the Plaintiff's Complaint.

In considering the Plaintiff's request for this Court to reconsider and amend its judgment regarding Count IV of the Plaintiff's Complaint, the Court finds that the parties accurately set out the law concerning this Court's lack of jurisdiction to enter a final judgment following the Supreme Court's decision in Stern v. Marshall, 131 S.Ct. 2594 (June 23, 2011). As such, this Court will submit its proposed findings of fact and conclusions of law to the United States District Court for the Central District of Illinois for entry of a final judgment on Count IV of the Plaintiff's Complaint.

As to Count IV of the Plaintiff's Complaint, this Court finds that, even assuming *arguendo* that the Plaintiff established the necessary elements to establish defamation under Illinois law, See: VanHorne v. Mueller, 185 Ill.2d 299 (1998), the Plaintiff utterly failed to establish any monetary damages. As noted above, the trial in this matter was very brief with only the testimony of the Plaintiff and Defendant and the admission of four trial exhibits. A thorough review of the transcript of the trial and of the trial exhibits leads this Court to reiterate its conclusion entered on December 22, 2011, finding that the Plaintiff has failed to establish damages and that, as a result, judgment should be entered in favor of the Defendant and against the Plaintiff on Count IV of the Plaintiff's Complaint.

###